IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA KUCHAREK,

    Plaintiff,

v.                                                                CIV 02-360 KBM – ACE

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    After working approximately twenty years as a nurse's aide, Plaintiff Patricia Kucharek stopped working in February 1994 when she was fifty-five years old.  *E.g., Administrative Record* ("*Record*") at 470.  In April 1994 and June 1994, the Social Security Administration denied Plaintiff's initial applications for benefits.  *Id.* at 55.  After moving to New Mexico, she was imprisoned in a federal facility for armed robbery from December 1994 to December 1996.  Upon her release in January 1997, she filed an a second application for disability benefits based on low back problems, bipolar disorder, and a learning disability.  She contends that she became disabled on the date she quit working in 1994.  *See id.* at 76, 132.

    On June 8, 1999, the Administrative Law Judge ("ALJ") secured testimony from a vocational expert and denied benefits at Step 5, finding Plaintiff has the residual functional capacity to perform simple, routine, low stress, medium-level work in such as parking lot attendant, clerk/receptionist, surveillance system monitor, hotel maid, custodian/janitor, and hand packager.  *See id.* at 26, 30, 31.  The Appeals Council declined review on February 28, 2002,

thereby rendering the ALJ's decision final. *Id.* at 8-9; *see also* 12-15.

This matter is before the court on Plaintiff's Motion to Reverse or Remand, where only her bipolar impairment is at issue. *Doc. 16.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. The entire voluminous record has been reviewed and carefully considered. The ALJ issued a thorough and accurate opinion, and parties briefed the matter well. Therefore, I confine my recitation of the facts to those necessary to my disposition. I find that Plaintiff's motion should be denied and the decision of the Commissioner affirmed.

## I. Standard Of Review

If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994) (internal quotations and citations omitted). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted).

## II. Analysis

Plaintiff takes issue with the ALJ's conclusion that she retains the residual functional capacity to perform simple and low stress work, arguing that the finding is contrary to law and

not supported by substantial evidence. She raises two arguments in this regard.

Regulations provide that if a prescribed treatment will restore the claimant's ability to work, the claimant must follow that treatment "[i]n order to get benefits." 20 C.F.R. § 404.1530(a). If a claimant does not "follow the prescribed treatment without good reasons," the Administration "will not find you disabled or, if you are already receiving benefits, . . . will stop paying you benefits." *Id.,* § 404.1530(b). Citing this regulation, Plaintiff asserts that the ALJ cannot deny benefits based on her periodic episodes when she fails to take her medication without also considering how the bipolar disorder contributes to those failures. *See Doc. 17* at 9.

This argument is misplaced because the ALJ did not deny benefits because Plaintiff periodically fails to take her medications. Instead, the ALJ recounted the medical evidence from the time Plaintiff was in prison that shows her symptoms worsen when she runs out of medication and she improves and is stable when she takes her medication, attends therapy sessions, and abstains from alcohol and drugs. During the disability period under consideration, Plaintiff ran out of her medication a few times. *See Record* at 22-28. After this detailed and accurate summary of Plaintiff's medical records, the ALJ concluded "the evidence is persuasive that, when she is compliant with her medication regimen, she retains at least a basic functional ability to perform the mental activities [under Social Security Ruling 96-9p]." *Id.* at 27. Rather than focusing on occasional failure to take medication, it is her compliance with the medication regime that renders Plaintiff capable of work.

Plaintiff 's next argument is related to her first one. She contends that due to her bipolar disorder, which "waxes and wanes," the record evidence demonstrates that she "would not be able to function in a full-time, work environment" because she will quit a job if it becomes too

3

stressful for her.  *See Doc. 17* at 4, 6, 7.  Plaintiff argues that, contrary to Social Security Ruling 85-15, the ALJ assumed "that a person with a mental impairment is automatically capable of work that does not involve high levels of stress" in contravention of Social Security Ruling 85-15.  *Id.* at 8.[1]  Again, I do not find this argument well-taken.

Rather than being based on a generalized assumption about mentally-impaired persons, the ALJ's decision is based on the evidence pertaining to this particular claimant and the vocational expert he was obliged to call under the circumstances.  This is entirely consistent with Social Security Ruling 85-15, which cautions that "[t]he decisionmaker must not assume that failure to meet or equal a listed mental impairment equates with capacity to do at least unskilled work.  This requires a careful consideration of the assessment of RFC."  *Soc.Sec. Ruling* 85-15 at *4.  The "extremely difficult" determination of whether a mentally ill claimant can adapt to the stress of a workplace requires a thorough evaluation "on an individualized basis."  *Id.* at *5.

The ALJ employed the requisite thorough and individualized analysis and substantial evidence supports his conclusion.  Indeed, Plaintiff herself indicated that she could not maintain the busboy, lunch hostess, telemarketer, and bakery counter help/cashier positions she secured after her release from prison because these jobs proved too stressful.  *See Record* at 109, 475-80.  The psychologist who evaluated Plaintiff for state general assistance purposes right after Plaintiff's release from prison found her "currently unable to secure gainful employment in the community," but also recommended rehabilitative services to assist her in "establishing structured light and sedentary gainful employment under supportive supervision."  *Id.* at 240.  The

---

[1] She does not argue that she is incapable of holding a simple, routine, low stress job for a significant period of time, and the record does not support any such finding.  *See Washington v. Shalala,* 37 F.3d 1437, 1442 (10th Cir. 1994).

consulting psychiatrist who later examined Plaintiff concluded that she

> would probably be able to relate with other workers and supervisors, if she is compliant with medications. She could follow and understand basic instructions. At the present time, she would have some difficulty maintaining the attention required to perform more complex tasks. She could probably perform simple, repetitive tasks. She would have some difficulty withstanding the stress and pressures associated with day-to-day work activity.

*Id.* at 459.

Thus, both of the mental health professionals and Plaintiff say the same thing – Plaintiff's condition requires simple and low stress work. The ALJ posed precisely those criteria to the vocational expert during the hearing. The vocational expert testified that the hand packager position fits both criteria and has 986,000 positions in the national economy and 9,800 positions in New Mexico. She further testified that twenty-five percent of the hotel maid and janitor positions she previously identified would also fit the criteria. *See id.* at 493-95.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion be denied, and the decision of the Commissioner affirmed. A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.